UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

)
CORETEL VIRGINIA, LLC,          )
    Plaintiff,              )
                                )
    v.                      )   Civ. No. 1:12cv741
                                )
VERIZON VIRGINIA, LLC, et al.,  )
    Defendants.             )
                                )

<u>MEMORANDUM OPINION</u>

This matter came before the Court on plaintiff's Motion in Limine or to Compel (Dkt. 95); plaintiff's Emergency Motion to Seal (Dkt. 104); defendants' Motion for Leave to File Under Seal Verizon's Motion for Leave to Amend its Answer and Counterclaims (Dkt. 97); defendants' Motion for Leave to Amend its Answer and Counterclaims (Dkt. 100); defendants' Emergency Motion to Seal Exhibits 2 and 3 to Verizon's Motion for Leave to Amend (Dkt. 105); defendants' Motion to Compel (Dkt. 106); and defendants' Motion for Leave to File Under Seal Exhibits D and E to Verizon's Brief in Opposition to CoreTel's Motion in Limine or to Compel (Dkt. 115).

First, the Court finds that it is appropriate to, at least at this point, protect confidential business information of the plaintiff, and therefore adequate grounds exist to grant the Motion for Leave to File Under Seal Verizon's Motion for Leave

1

to Amend its Answer and Counterclaims (Dkt. 97). Similarly, the Court finds that plaintiff's Emergency Motion to Seal (Dkt. 104); defendants' Emergency Motion to Seal Exhibits 2 and 3 to Verizon's Motion for Leave to Amend (Dkt. 105); and defendants' Motion for Leave to File Under Seal Exhibits D and E to Verizon's Brief in Opposition to CoreTel's Motion in Limine or to Compel (Dkt. 115) are appropriate, necessary and should be granted.

As to Verizon's Motion for Leave to Amend its Answer and Counterclaims (Dkt. 100), the Court finds that it is in the interest of justice that all claims and defenses be brought before the Court. The Court further finds that there is no prejudice to the plaintiff in permitting these amendments, especially in light of the Court's earlier order allowing plaintiff to amend its answer. Therefore, defendants' motion shall be granted. Plaintiff must file an answer to defendants' amended counterclaims by February 1, 2013. As to plaintiff's claim that discovery would be necessary from Verizon as to its own switched access services on the basis of functional equivalence, the Court rejects that assertion. The issue in the case is CoreTel's practices and billing, not Verizon's.

As to plaintiff's Motion in Limine or to Compel (Dkt. 95), the Court finds that in light of the recent expert report provided, the motion is largely moot. However, Verizon must

provide all materials and data upon which the expert relied in making his report to plaintiff by Feb. 1, 2013.

Lastly, Verizon again brings a Motion to Compel (Dkt. 106). CoreTel has had repeated problems throughout the discovery process in producing documents in a format that is in compliance with the discovery plan.  Indeed, it has been strongly suggested by the Court that plaintiff employ an outside vendor to handle its document production, which it appears plaintiff finally did. Upon so doing, the last documents were produced in a format that was problem-free.  In light of the ongoing problems with the prior production, the Court finds that remediation is necessary to quickly complete discovery.  Therefore, the Court will order that plaintiff remediate all document productions up to and including the December 17, 2012 production by the same outside vendor immediately.  However, because the Court finds that plaintiff did attempt to comply with the discovery plan in good faith, the Court orders that the cost thereof shall be shared equally by plaintiff and defendants.

An appropriate Order shall issue.

ENTERED this 25th day of January, 2013.

_____/s/_____  
THERESA CARROLL BUCHANAN  
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia